-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER M. CURRY,

        Petitioner,

        -v-

CCM PITTSBURGH,
FEDERAL BUREAU OF PRISONS

        Respondent.

**DECISION AND ORDER**
08-CV-192S; 07-CR-84S



On March 5, 2008, Petitioner Christopher M. Curry, proceeding *pro se*, filed what he entitled a "Request for an Order Requiring the Bureau of Prisons to Award a 3–Day Credit for Every Day Served in the Northeast Ohio Correctional Center U.S. Marshal Hold as Relief Pursuant to Title 28 U.S.C. Section 2255." (08-CV-192S, Docket No. 2; 07-CR-84S, Docket No. 38). The Court determined that Petitioner's "request" should be construed and re-characterized as a petition for habeas corpus relief under 28 U.S.C. § 2241. (Decision and Order dated April 15, 2008, at 2-3) (08-CV-192S, Docket No. 1; 07-CR-84S, Docket No. 40). As a result, the Court notified Petitioner that it would re-characterize the application as a petition under § 2241 unless he advised the Court in writing by May 14, 2008 that he wished to withdraw the application. See Adams v. United States, 155 F.3d 582, 583-84 (2d Cir. 1998) (per curiam). The Court further informed Petitioner that his failure to withdraw by May 14, 2008, would result in re-characterization, and also that the petition would be transferred to the United States District Court for the Northern District of Ohio, the district in which petitioner was incarcerated at the time.

Petitioner did not timely notify the Court that he wished to voluntarily withdraw his application. But upon realization that Petitioner had been transferred from the Northeast Ohio Correctional Facility ("NEOCC") to the Devens Federal Medical Center in Massachusetts on or about April 10, 2008, the Court determined that it was likely that Petitioner did not receive the April 14, 2008 Order until May 14, 2008. Therefore, by Order dated July 14, 2008, the Court directed that Petitioner be notified of the Court's intention to re-characterize his application as a petition for habeas corpus relief under 28 U.S.C. § 2241. (08-CV-192S, Docket No. 3; 07-CR-84S, Docket No. 41.) The Order also noted that re-characterization would occur, and the Court would transfer the petition to the United States District Court for the District of Massachusetts, the district in which petitioner was then incarcerated, unless petitioner withdrew the motion by on or before August 8, 2008.

Petitioner did not respond to the July 14, 2008 Order. The Court did not, however, transfer the petition to the United States District Court for the District of Massachusetts because the Court subsequently learned, from the Federal Bureau of Prison's Inmate Locator system, that shortly the issuance of the July 14 Order, petitioner had again been transferred, this time to the custody of the Community Corrections Manager Pittsburg/Community Corrections Office ("CCM PITTSBURGH"), from which he was released, presumably to begin his term of supervised release, on October 2, 2008. *See* Federal Bureau of Prisons - Inmate Locator, *available at* http://www.bog.gov/iloc2/LocateInmate.jsp (last visited May 27, 2009).

Following his transfer to custody of CCM Pittsburgh, Petitioner has not provided the Court with an address where papers may be served. Local Rule of Civil Procedure 5.3(d),

which governs *pro se* actions, states: "A party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant....In addition, the Court must have a current address at all times. Thus, a ***pro se* litigant must inform the Court immediately in writing of any change in address. Failure to do so may result in dismissal of the case with prejudice.**" Local Rules of Civil Procedure for the Western District of New York, Rule 5.2(d) (emphasis added).

IT IS HEREBY ORDERED, that Petitioner provide the Court with an address where papers may be served by **June 29, 2009** or the case will be dismissed with prejudice.

FURTHER, that the Clerk of Court shall also serve a copy of this order upon petitioner by mailing same to petitioner's last known address, which, as noted above, is CCM Pittsburgh.

FURTHER, that the Clerk of the Court is further directed to amend the caption in 08-CV-192S to conform to the caption of this Order.

SO ORDERED.

Dated: ~~May~~ June 2, 2009
Buffalo, New York

WILLIAM M. SKRETNY
United States District Judge