UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

                                    **DECISION AND ORDER**
                                          07-CR-84S

CHRISTOHER M. CURRY,

                    Defendant.

On April 10, 2007, Defendant Christopher Curry pleaded guilty to a one-count felony information, which charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922 (g)(1) and 924 (a)(2). (Docket Nos. 19, 20.) On September 20, 2007, this Court sentenced Curry to 15 months' imprisonment followed by three years of supervised release. (Docket No. 32.) On February 17, 2011, Curry pleaded guilty to charge one in a violation petition charging him with committing another local, state, or federal crime. (Docket No. 58.)

Through a pro se motion filed on May 9, 2023, Curry now seeks expungement of his felony conviction. (Docket No. 66.) He asserts that he "wants to get [his] felony off [his] record." (Id. at p. 1.) Curry's motion will be denied because he does not fall within any of the narrow categories where expungement of a federal conviction is permitted.

In Doe v. United States, the United States Court of Appeals for the Second Circuit held that federal courts lack both subject-matter and ancillary jurisdiction to entertain motions to expunge valid federal convictions. 833 F.3d 192, 196-200 (2d Cir. 2016). While Congress has granted federal courts jurisdiction to entertain expungement motions

1

in certain limited circumstances, none of those circumstances apply here. See, e.g., 18 U.S.C. § 3607 (c) (Federal First Offender Act); 28 U.S.C. § 1651 (*coram nobis* under the All Writs Act). Nor does Curry's request fall within the court's expungement authority under the habeas corpus or civil rights statutes. See Smalls v. United States, 19 MC 70 (KAM) (CLP), 2022 WL 2441741, at *1 (E.D.N.Y. June 6, 2022) (discussing a district court's limited expungement authority).

Consequently, no matter the merits of Curry's motion, it must be denied for lack of jurisdiction. See Rosado v. United States, No. 02 CR 0464, 2019 WL 1585204, at *2 (E.D.N.Y. Apr. 12, 2019) (finding that except in limited circumstances authorized by Congress, district courts lack subject-matter jurisdiction over motions to expunge or seal a valid federal conviction).

IT HEREBY IS ORDERED, that Curry's Motion to Expunge (Docket No. 66) is DENIED.

FURTHER, that the Clerk of Court is DIRECTED to send a copy of this decision to Curry at his address of record.

SO ORDERED.

Dated:   May 19, 2023
         Buffalo, New York

                                             s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                             United States District Judge